## MASON *v.* MASON

[No. 239, September Term, 1961.]

*Decided April 18, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HORNEY, MARBURY and SYBERT, JJ.

388

*John W. Goff*, with whom were *John L. Moring, Jr.*, and *Robert J. Callanan* on the brief, for appellant.

*Thomas J. Wohlgemuth*, with whom were *Wohlgemuth & Westcott* on the brief, for appellee.

PER CURIAM.

A divorced mother, since remarried, appeals from a decree awarding custody of the two minor children of the parties— a daughter born in 1954 and a son in 1958—to their father. When the couple separated in September, 1960, because of the wife's relations with her music teacher, a married man, the wife went to live with her paramour, taking the children with her. The husband was later granted a divorce *a vinculo* on ground of adultery, admitted by the wife. Temporary custody of the children was awarded the wife, pending a welfare department investigation. Thereafter, the wife married the paramour, then also divorced.

At the divorce trial and at the subsequent custody hearing considerable testimony as to the wife's fitness as a mother was received. Her mother and a neighbor stated she had been a good mother and the children were happy and well adjusted. On the other hand, there was testimony that the paramour had often visited the wife before the separation, and that she had embraced him in an automobile on the street in the daughter's presence; that in the six months after the separation, the daughter had been absent from school fourteen times, often without an excuse, and that the mother failed several times to attend a conference about it; that the mother intended to continue to work part time while her mother cared for the children. The welfare investigator, while favorably impressed by the mother and the condition of the children when she called, noted a school report as to the unkemptness of the daughter on occasion and her tiredness from watching television late at night (corrected after a conference with the mother), and the report of an aunt of the appellant and a neighbor that the children had been seen in a filthy condition and left unattended on occasion. The investigator spoke favorably of the husband's

mother, who planned to live with her son—a lawyer—and care for the children.

As so often pointed out, our primary consideration in cases of this nature is the best interest and welfare of the child. *Bray v. Bray,* 225 Md. 476 (1961). The fact that the mother has committed adultery does not constitute an inflexible bar to her being awarded custody, *Wood v. Wood,* 227 Md. 112 (1961), but she must make a "strong showing" to overcome the usual rule against awarding custody to an adulterous mother. The fact that she subsequently married her paramour may be considered in determining her fitness but of itself this factor will not be regarded as meeting the requirement of such a showing. *Hild v. Hild,* 221 Md. 349 (1960).

On the record before us, we fail to perceive the "strong showing" necessary to overcome the presumption against awarding custody to an adulterous wife, and it does not appear that the Chancellor's finding that the father is "a person worthy of bringing up these children" is clearly erroneous or that the best interests of the children would not be served by the award of their custody to him.

*Decree affirmed; costs to be paid by appellee.*