INEZ I. COSNER, APPELLANT, *v.* BYRLE L. COSNER, JR., RESPONDENT.

No. 4435

May 9, 1962                                     371 P.2d 278

*Cantwell, Loomis & Murphy,* and *Stanley H. Brown,* of Reno, for Appellant.

*Bruce D. Roberts,* of Reno, for Respondent.

# OPINION

By the Court, McNamee, J.:

This is a divorce action commenced by the husband (respondent) which was referred to a master on stipulation of counsel.[1] The complaint alleges extreme cruelty as the ground for divorce and requests custody of the two minor girls who, at the time of the decree, were 12 and 10 years of age. Appellant's answer denies the allegation of cruelty and asks that custody of the children be awarded to her. After hearing the evidence the master made and filed his report, recommending that a divorce be granted respondent and the custody of the children be awarded to appellant. Formal findings and conclusions to this effect were presented to the lower court with such recommendations, but no transcript of the testimony was made or presented. Objections to the report were made by respondent and the lower court sustained such objections insofar as full custody was given to the appellant wife. The court then, after finding that both parties were fit and proper persons to have custody of the minor children (which was in accord with the master's report), awarded the custody of the children to respondent during the school months and to appellant during the summer vacation months of each year, and provided for alternate custody on certain holidays. Appellant has appealed from this portion of the decree relating to custody. She assigns as error the refusal of the lower court to adopt the report of the master without modification, and of its modification of the findings of fact, conclusion of law, and decree as proposed by the master, which modification provides for divided custody of the children.

---

[1] Although the parties stipulated to the reference, they did not stipulate that the master's findings of fact would be final.

It must be determined therefore what effect a trial court must give to the report of a master appointed pursuant to NRCP 53.

The master's report contained the substance of the proceedings and evidence and recites that the younger child favored staying with her father; that the older child is mentally retarded but she indicated that she was very fond of both her father and mother; that when the parties separated in June 1960, the father took both children with him to Nevada and that the wife did not know the whereabouts of the children until the divorce action was commenced. There was evidence that during the time the husband had cared for the children in Nevada his treatment of them was excellent and he had placed the older child in a special school for handicapped children. The husband testified that the wife had on occasion mistreated the children and there was evidence from which it could be inferred that the husband did likewise, but this evidence can be disregarded in view of the finding that both parties were fit and proper persons to have custody of the children and that both parties appeared to be devoted parents. The wife planned to establish and operate a home for elderly women and thereby be with the children as much as possible. The husband testified that he believed his unmarried sister could be with the children while he was at work. The master believed that the preference of the younger child, born December 22, 1950, to remain with her father was primarily due to her being separated from her mother for a long period of time. "Under such circumstances," the report continues, "the writer feels forced to conclude that all things considered it is for the best interests of the two minor children to be in the custody of their mother."

Despite these findings and conclusions the trial court determined that the divided custody, as aforesaid, was for the best interests of the children.

NRCP 53 (e) (2) provides: "In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous." Appellant argues that the determination of custody by the master was a

finding of fact, and since it is not "clearly erroneous," the trial court was required to accept this determination.

Respondent maintains, however, that the determination of the fitness of both parties to have custody of the children constitutes the finding of fact in this regard and that the award of custody in accordance with the best interests of the children is the legal conclusion resulting from that finding.

In Sisson v. Sisson, 77 Nev. 478, 367 P.2d 98, we stated that the lower court abused its discretion in concluding that the interests of the children would best be served by awarding their custody to the mother. The inference from such statement is obvious—that the award of custody results from a conclusion of law rather than a finding of fact.

In this case two ultimate decisions had to be made. One was whether from a determination of the facts a divorce should be granted, and the other was the disposition of the custody of the children. Both of these were legal determinations, were not questions of fact, and the ultimate decision necessarily rested with the trial court. It is not questioned that the evidence was sufficient to justify the granting of a divorce to respondent. Likewise, there was evidence to support the determination that it was for the best interests of the children that their custody be awarded partially to the father and partially to the mother. In any event there is a presumption on appeal in child custody matters that the trial court has properly exercised its judicial discretion in determining what is for the best interest of the child. Rea v. Rea, 195 Ore. 252, 245 P.2d 884, A.L.R.2d 612.

The constitutional power of decision vested in a trial court in child custody cases can be exercised only by the duly constituted judge, and that power may not be delegated to a master or other subordinate official of the court. See: Rae v. Rae, supra; Bowler v. Bowler, 351 Mich. 398, 88 N.W.2d 505. If a master attempts to

determine the issue of custody, his determination would be advisory only, and the trial judge has the right to disregard it. See: Prouty v. Prouty, 16 Cal.2d 190, 105 P.2d 295; D.M.W. Contracting Co. v. Stolz, 81 U.S.App. D.C. 334, 158 F.2d 405. Under these principles and authority, we conclude that NRCP 53 does not purport to authorize the delegation to a master of the court's power to adjudicate custody.

The trial court having jurisdiction to adjudicate custody independent of the action of the master, and having done so, and there being no showing of an abuse of judicial discretion, the judgment must be affirmed.

Affirmed. No costs allowed.

BADT, C. J., and THOMPSON, J., concur.