Argued March 8, affirmed March 28, 1963

## STANDLEY *v.* STANDLEY

379 P. 2d 870

*Bruce W. Williams,* Salem, argued the cause for appellant. With him on the brief were Williams & Skopil, Salem.

*James J. Kennedy,* Portland, argued the cause for respondent. With him on the brief were Ryan & Ryan, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

McALLISTER, C. J.

This is a divorce suit in which the court granted the husband a divorce and gave the wife custody of

the infant child of the parties. The husband appeals from that portion of the decree giving custody of the child to the wife.

The parties were married in Salem on July 11, 1959. The plaintiff, Linda Standley, was then 19 years old, and her husband, Dale, 21 years old. The child, Jeffrey, was born in March, 1960. In February 1961 the parties separated and plaintiff moved to Portland, taking the baby with her. Plaintiff filed suit for divorce in Multnomah county and the case came on for trial on December 5, 1961. At the conclusion of the trial the court announced its decision to enter a decree giving plaintiff a divorce and custody of the child. The decree was entered on December 19, 1961 *nunc pro tunc* as of December 5, 1961.

Before the decree was actually entered defendant filed a motion for an order permitting him to offer additional evidence. The motion was supported by defendant's affidavit alleging that subsequent to the trial on December 5, 1961 he had discovered that his wife was pregnant by another man. In response to that motion the court held a hearing on January 29, 1962 at which plaintiff admitted that she was then pregnant by a man other than her husband. Following that hearing the court, on February 2, 1962, entered an order vacating its decree of divorce, continuing temporary custody of Jeffrey with the plaintiff, and ordering an investigation concerning the child by the Multnomah County Juvenile Department.

Thereafter supplemental pleadings were filed, including a cross-complaint for divorce filed by defendant. The case again came on for trial, and on August 14, 1962 the court entered a decree granting defendant a divorce, giving custody of the child, Jeffrey, to plaintiff, allowing defendant rights of visitation,

requiring defendant to pay $75 per month for the support of the child, and dividing between the parties certain personal property belonging to them. The appeal challenges only that part of the decree awarding custody of Jeffrey to the plaintiff.

It would serve no useful purpose to delineate in detail the evidence in this case. It presented the able trial judge with a most perplexing problem. She found "weaknesses and strength" on the part of both parents, but decided after earnest consideration that the welfare of the child, at least for the present, would best be served by leaving the boy with his mother. We are not inclined to disturb that finding. We approve the admonition given by the trial court to the mother that any further misconduct on her part will probably lead to a modification of the decree. This is a case in which we are particularly dependent upon the trial judge, who had the advantage of seeing the parties and hearing their testimony.

The decree of the trial court is affirmed.