## CECIL J. COOLEY, APPELLANT, *v.* DIANE COOLEY, RESPONDENT.

No. 5974

March 26, 1970

467 P.2d 103

[Rehearing denied April 22, 1970]

*Paul J. Williams,* of Reno, for Appellant.

*Hawkins, Rhodes & Hawkins,* of Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This is a child custody case involving a boy aged 10 and a girl aged 8.

The parties, Cecil J. and Diane Cooley, were married April 12, 1959. In early 1968, they agreed to go their separate ways. On April 1 of that year they entered into a separation agreement settling, among other things, the custody and support of their children. It was agreed that Diane should have the children's custody, with Cecil having reasonable rights of visitation. Later, in October 1968, Diane filed for divorce. In December, Diane sent the children to Everett, Washington, so that they could spend the holidays with Cecil, where they still reside.

The contested divorce action was heard by the district judge in June 1969. At that hearing it was shown that Diane lived, absent benefit of clergy, for over a month with her paramour, whom she later married. This was after Cecil and Diane had agreed to separate and after the commencement of the divorce action. The children were present in the home during this period. Diane wrote Cecil of the "arrangement" before she sent the children to him for the Christmas holidays.

Based on this court's holding in Sisson v. Sisson, 77 Nev. 478, 367 P.2d 98 (1961), Cecil seeks a reversal of the decision of the district judge, who awarded custody of the children to Diane.[1]

Cecil urges that, as a matter of law, the district court abused its discretion in awarding the children's custody to Diane. We do not agree, and we affirm the ruling of the district judge.

It is true that this court, in Sisson, supra, reversed the district judge's award of custody to an adulterous mother because such conduct precluded any conclusion that she was a good mother and a fit and proper person to be awarded custody of the children. In that case, the court said, 77 Nev. at 488, 367 P.2d at 103:

". . . Adult passions, apparently, sometimes provoke illicit togetherness. However, we cannot approve such conduct, especially its exhibition before beloved children. This is not a case where adultery is but an isolated occurrence. To the contrary,

---

[1]The district judge in his decision said in part:

". . . In making this award the Court wishes to make it abundantly clear that it is not in any way condoning her [Diane's] admitted actions regarding the other man as brought out by the evidence and discussed in counsel's legal briefs on file herein. . . . The Court accepts the premise here that one indiscretion on the part of the Plaintiff in the light of all the facts and circumstances in proof, does not make her a bad mother or render her unfit to have custody of these minor children."

the wife-mother deliberately subjected her children to a shameful, immoral, unwholesome environment of more than a year's duration."

Admittedly, child custody decisions present difficult problems for the district courts. That is the reason broad discretion is given to the district judges, who have before them the parties and the children. Adams v. Adams, 86 Nev. 62, 464 P.2d 458 (1970); Boisen v. Boisen, 85 Nev. 122, 451 P.2d 363 (1969); Cosner v. Cosner, 78 Nev. 242, 371 P.2d 278 (1962); Timney v. Timney, 76 Nev. 230, 351 P.2d 611 (1960). Of course, that discretion must be operated within the standards of NRS 125.140, which provides, in part:

"1. The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children."

In the instant case the wife-mother and her paramour did not cohabit, as was done in Sisson, supra, openly and notoriously in excess of a year. In Sisson, the court said, 77 Nev. at 489, 367 P.2d at 103:

"We acknowledge that one may be a bad wife, but a good mother; that adultery is many times considered, because of the particular facts involved, a most serious offense against the spouse and not as serious an offense against the children."

As the Supreme Court of Washington observed in Norman v. Norman, 176 P.2d 349, 351 (Wash. 1947):

". . . Is the respondent who, although not promiscuous, admits she is an adulteress, necessarily, by reason of that fact alone, conclusively shown to be an unfit person to have custody of her child? The trial court, in awarding custody of children in divorce actions, must consider many imponderable factors bearing upon the future welfare of the children. The adultery of a mother is, of course, a very weighty factor, but we are not prepared to say that it excludes the consideration of all other factors and is alone completely determinative of the issue." See Bialac v. Bialac, 50 Cal.Rptr. 12 (Cal.App. 1966); Mason v. Mason, 179 A.2d 897 (Md. 1962); Standley v. Standley, 379 P.2d 868 (Ore. 1963); Dearden v. Dearden, 388 P.2d 230 (Utah 1964); 2 W. Nelson, Divorce and Annulment, § 15.06 (2d ed. 1961); 30 Geo.L.J. 313 (1942).

The remaining evidence before the district judge indicated that Diane had been a good mother. Indeed, Cecil apparently

was of that opinion when he agreed in their separation agreement that Diane should have custody of the children, subject to his right of reasonable visitation.

Based upon the record in this case, we cannot say as a matter of law that the district judge abused his discretion in awarding custody of the children to Diane with visitation rights to Cecil. We therefore affirm the judgment.[2]

ZENOFF and BATJER, JJ., concur.

THOMPSON, J., dissenting:

The responsibility placed upon a trial court to decide which parent shall have the privilege of child custody is awesome in nature and exceedingly difficult to discharge. The difficulty multiplies when we are asked to review a custody order since we are removed from the atmosphere of the trial and must rest our decision upon a cold record. It is for this reason that a wide discretion is accorded to the trial court, with an attendant reluctance on our part to interfere with the trial court's point of view. Realizing our inadequacy in these matters, we have, nonetheless, proclaimed certain guidelines within which trial court discretion is to be exercised, and beyond which an abuse of discretion will be declared. This is our appellate function in this troublesome area.

These guidelines have been announced mainly in those custody cases in which the party denied custody has been found to be fit. For example, in McGlone v. McGlone, 86 Nev. 14, 464 P.2d 27 (1970), we ruled that a fit parent is to be preferred over nonparents with respect to child custody and reversed an order of the trial court granting the custody of two children to their maternal grandparents. In Peavey v. Peavey, 85 Nev. 571, 460 P.2d 110 (1969), we held that, as between fit parents, the mother should have custody of children of tender years, and reversed an order of the trial court granting such custody to the father. And in Sisson v. Sisson, 77 Nev. 478, 367 P.2d 98 (1961), we held that a mother who had lived in adultery with her paramour before her children of discerning years could not be granted the privilege of custody over a fit father; see also, Toth v. Toth, 80 Nev. 33, 389 P.2d 73 (1964), a modification proceeding. None of these guidelines are rigid and inflexible in application, but are generally to be followed unless solid reasons exist for not doing

[2]We expressly overrule any views in Sisson, supra, which may be inconsistent with those expressed herein.

so. In most cases, each of the mentioned guides to the exercise of discretion is wholly compatible with the best interests of the child or children involved.

In the case at hand I find no true basis upon which to distinguish Sisson v. Sisson, supra. The guideline established by that decision is, in my view, sound and should not be overturned.

Respectfully, I dissent.

COLLINS, C. J., concurs.