SELLMAN AUTO, INCORPORATED, A NEVADA CORPO-RATION, APPELLANT, v. JERRY L. McCOWAN AND CLARA McCOWAN, RESPONDENTS.

No. 6977

September 10, 1973                    513 P.2d 1228

*Robert K. Dorsey,* of Las Vegas, for Appellant.

*Robert L. Gifford,* of Las Vegas, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

Sellman Auto, Incorporated, commenced this action on July 28, 1969, for the recovery of damages resulting from an alleged

default by defendants-respondents, the McCowans, on the purchase of a new Chrysler automobile. The McCowans filed a counterclaim for breach of warranty, and they sought recovery of their trade-in allowance and the payments they had made to Sellman under the conditional sales contract. The district judge ordered that Sellman take nothing by its complaint and the McCowans recover only the amount of their trade-in allowance, disallowing the payments they had made under the sales contract. Sellman has appealed, and the McCowans have responded with a cross-appeal.

1. *The Facts.*

On December 12, 1964, Respondents Jerry L. McCowan and Clara McCowan, his wife, purchased a new Chrysler automobile from Appellant Sellman Auto, Incorporated, for a total purchase price of $6,991 less a net trade-in allowance of $1,327.90. Payment of the purchase price was to be made in monthly installments pursuant to a conditional sales contract that Jerry L. McCowan testified he had signed in blank. The reverse side of the contract form, which contained a disclaimer of all unwritten warranties, had not been called to the attention of either of the respondents.

At the time of the transaction, Gilbert Merritt, salesman for appellant, represented that all defects that occurred within 50,000 miles or 5 years would be corrected. The McCowans testified that this representation was relied upon in purchasing the automobile.

Shortly thereafter, numerous mechanical difficulties developed that Sellman failed to satisfactorily remedy. In June or July of 1965, the McCowans refused to make further payments, and the automobile was repossessed and later sold for $4,500. At the time of repossession, the McCowans had made total payments pursuant to the conditional sales contract in the amount of $1,168.68.

2. *Issues Presented on Appeal.*

(a) The Express Warranties Made by Appellant's Salesman Merritt.

At the trial both Respondent Jerry L. McCowan and Salesman Gilbert Merritt testified that, prior to the execution of the sales contract, Merritt had represented to the respondent that the automobile was a "top line" car with a 5-year or 50,000-mile warranty and that any defects would be corrected. Merritt did not explain what the warranty covered, nor did he state that any limitations were contained therein.

The Uniform Sales Act, chapter 96 of NRS, then in effect,

governed the relationship between the parties.[1] Under the Act, an express warranty was one in which any affirmation of fact or any promise relating to the goods involved was made by the seller and relied upon by the buyer.[2]

A fair reading of the record demonstrates that the trial judge had sufficient evidence upon which to make the determination that the statements of Mr. Merritt, together with the McCowans' reliance thereon, constituted an express warranty within the purview of the Uniform Sales Act. Where there is substantial evidence to support the findings of the lower court, they will not be disturbed on appeal. Lyon v. Walker Boudwin Constr. Co., 88 Nev. 646, 503 P.2d 1219 (1972); Western Land Co. v. Truskolaski, 88 Nev. 200, 495 P.2d 624 (1972).

(b) The Effect of the Disclaimer.

Sellman next contends that the effect of the express warranty was nullified by the disclaimer printed on the back of the conditional sales contract. We do not agree. Respondent Jerry L. McCowan testified that he had never seen the disclaimer and that it had not been called to his attention. Appellant's salesman, Merritt, corroborated this testimony. Where the existence of a disclaimer is unknown to a purchaser, the express warranties made by the seller remain in force. Willard Van Dyke Productions, Inc. v. Eastman Kodak Co., 189 N.E. 2d 693 (N.Y. 1963); Moorhead v. Minneapolis Seed Co., 165 N.W. 484 (Minn. 1917); Annot., 160 A.L.R. 357, 367 (1946).

(c) The Waiver of Right to Rescind.

Sellman also claims that the trial court committed error in refusing to rule that the McCowans waived their right to rescind the contract when they failed to return the automobile after they had discontinued making payments. The record

---

[1] The Uniform Sales Act was repealed by a law enacted in 1965, effective March 1, 1967.

[2] Law of Mar. 18, 1915, ch. 159, § 12, [1915] Stats. Nev. (NRS 96.210, repealed by Law of April 12, 1965, ch. 353, § 55, [1965] Stats. Nev., effective Mar. 1, 1967), provided, in relevant part:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only, shall be construed as a warranty."

contains sufficient evidence for the court to have concluded that continued use of the vehicle by the McCowans was induced by promises on the part of Sellman's agent to remedy the defects. On numerous occasions the McCowans returned the car to Sellman for repairs, which repairs either were not made or were made in an unworkmanlike manner.

The question of waiver is a factual determination, and where, as in this case, the market sophistication of the seller exceeds that of the buyer, the finding of the lower court that there was no waiver of the right to rescind is not error. Lehigh, Inc. v. Stevens, 468 P.2d 177 (Kan. 1970); Lester v. Percy, 364 P.2d 423 (Wash. 1961).

The remaining assignments of error urged by Sellman, if error at all, cannot reasonably be deemed to have affected substantial rights and therefore shall be disregarded. NRS 178.598; El Cortez Hotel, Inc. v. Coburn, 87 Nev. 209, 484 P.2d 1089 (1971).

The McCowans, in their cross-appeal, argue that the trial court erred in not awarding them damages for the payments they made to Sellman under the conditional sales contract. They have cited no authority to support their position. Therefore, their contention may not be considered on appeal. Howarth v. El Sobrante Mining Corp., 87 Nev. 492, 489 P.2d 89 (1971); Riverside Casino Corp. v. J. W. Brewer Co., 80 Nev. 153, 390 P.2d 232 (1964).

Accordingly, the judgment of the district court is affirmed.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.