LAURA CULBERTSON, APPELLANT, *v.* DAVID CULBERTSON, RESPONDENT.

No. 7378

April 9, 1975                                      533 P.2d 768

---

*Daniel R. Walsh,* of Carson City, for Appellant.

*Walther, Key & Avansino,* of Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

On February 10, 1972, judgment was entered dissolving the marital status of the parties. The judgment awarded custody of the parties' four minor children to appellant and effected a property division. Although no formal notice of entry of judgment was served upon appellant, counsel for respondent, on February 15, 1972, did direct a letter to appellant enclosing a check made payable to her order for the sum of $1,209.01. He characterized his action as "required by the Judgment and Decree entered in the Fifth Judicial District Court in and for the County of Mineral on February 10, 1972," and he further stated, "Acceptance by you of this check shall constitute total discharge of David A. Culbertson's obligation to pay you cash under such Judgment and Decree." The check was immediately cashed by appellant and the proceeds retained by her.

In December of 1972, respondent filed a motion for an order to show cause why appellant should not be held in contempt of the original judgment and relieved of custody of the minor children. On May 1, 1973, after a hearing, the trial court concluded that appellant was in contempt of the original judgment[1] and ordered that judgment to be amended to transfer custody of the minor children to respondent.

Appellant now seeks to appeal not only from that amended judgment but also from the judgment entered on February 10, 1972.

1. Had respondent served and filed a formal notice of entry of judgment upon appellant, considerable controversy would have been avoided. However, the record reflects that through correspondence from respondent's counsel, appellant

---

[1] A portion of the original judgment decreed: "The custodian [appellant] will not engage in or permit, in the presence of the children, any excessive drinking, immoral conduct, obscenities, violence or disrespect for law and order." It is this portion of the judgment which the district court found appellant had violated.

had been informed of the entry of judgment and its provisions. She has accepted the benefits of the judgment and has attempted to enforce its provisions relating to an obligation owed by respondent on a 1970 station wagon automobile.

A party who has taken advantage of the favorable provisions of a judgment or has acquiesced in its terms by enforcing it will not be permitted a review. Hummel v. Roberts, 70 Nev. 225, 265 P.2d 219 (1954); Gerbig v. Gerbig, 60 Nev. 292, 108 P.2d 317 (1940). Accordingly, we decline to consider the part of this appeal taken from the original judgment entered on February 10, 1972.

2. We turn now to consider whether the trial court erred when it amended the original judgment, in part, to change custody of the minor children from appellant to respondent. The district court found that the appellant had continued her relationship with an unmarried male and had allowed and encouraged this individual to remain in her home far into the evening and early morning hours. It was further found that appellant had continually engaged in illicit conduct in her home when the children were in close proximity to her bedroom and that the older children (age 9) were of a "discerning age and aware that an unmarried man sleeps in the same bedroom with appellant at times." The record also revealed that when appellant's paramour came to the home and left the house at late hours it disturbed at least one of the older children. Evidence was also presented that the school work of the two older children had deteriorated while they were in appellant's custody.

Matters of custody and support of minor children of parties to a divorce action rest in the sound discretion of the trial court, the exercise of which will not be disturbed on appeal unless clearly abused. Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970); Peavey v. Peavey, 85 Nev. 571, 460 P.2d 110 (1969); Cosner v. Cosner, 78 Nev. 242, 371 P.2d 278 (1962). In determining the question of custody of children, the court's paramount consideration should be the welfare of the child. NRS 125.140; Peavey v. Peavey, supra; Paine v. Paine, 71 Nev. 262, 287 P.2d 716 (1955).

It is presumed that a trial court has properly exercised its judicial discretion in determining the best interests of the children. Howe v. Howe, 87 Nev. 595, 491 P.2d 38 (1971);

Noble v. Noble, 86 Nev. 459, 470 P.2d 430 (1970); Fenkell v. Fenkell, supra; Cosner v. Cosner, supra.

Here the trial court specifically found a significant change of circumstances in the parties, as well as the fact that the conduct of the appellant rendered her unfit to have the care, custody and control of the minor children and that a change in custody from appellant to respondent was in the children's best interest. The record can be read to support the findings and conclusions reached by the trial court. Compare Murphy v. Murphy, 84 Nev. 710, 447 P.2d 664 (1968). In reaching its decision the trial court has adhered to and applied a myriad of rules and their variations laid down over the years by this court in child custody cases.

In Sisson v. Sisson, 77 Nev. 478, 367 P.2d 98 (1961), under somewhat similar, although more revealing, circumstances occurring prior to a divorce, this court reversed the trial court and ordered custody in the father. In Toth v. Toth, 80 Nev. 33, 389 P.2d 73 (1964), under very similar circumstances, this court held that the trial court did not abuse its discretion in changing the custody of the children from the mother to the father.[2] There the children were approximately nine, five and two years of age when it became apparent that the mother was having an illicit relationship with a male acquaintance in her home, under circumstances where it was possible for the children to become aware of her conduct.

Appellant, in support of her contention that the trial court erred, relies on Cooley v. Cooley, 86 Nev. 220, 467 P.2d 103 (1970). However, that case is inapposite because there the wife lived in adulterous circumstances in the same abode with her minor children for approximately one month before the divorce was granted. Nevertheless, the district court awarded her custody of the minor children and we found no abuse of discretion. If, under the circumstances of this case, the district court had permitted the appellant to retain custody, she might have been able to take refuge under *Cooley*.

The intimate relationship of appellant and her paramour in the close proximity of children of tender years may be deemed a harmful influence upon those children by a trial

---

[2] It appears that the trial court in the *Toth* case was indulging in a degree of sophistry when it decided the best interest of the minor children dictated that the mother could only have their custody for three months of the year instead of full custody because of her illicit conduct. The amended judgment of the district court in the instant case is far more realistic.

court. Where that court has had the opportunity to observe the parties and their demeanor on the witness stand, to appraise their relative fitness for custody of the minor children, along with substantial evidence in the record to support its findings of fact and conclusions of law, the award of custody will be affirmed on appeal. Timney v. Timney, 76 Nev. 230, 351 P.2d 611 (1960).

3. Appellant also claims that the district court erred when it found her in contempt of court. No authority has been cited to support her claim of error, so it will not be entertained on appeal. Sellman Auto, Inc. v. McCowan, 89 Nev. 353, 513 P.2d 1228 (1973); General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1972).

Affirmed.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.