TERRI FLYNN, Appellant, v. TIM FLYNN, Respondent.

No. 41543

July 12, 2004                                    92 P.3d 1224

*Mark A. Jenkin,* Henderson, for Appellant.

*Ecker & Kainen, Chtd.,* and *Edward L. Kainen,* Las Vegas; *Lemons Grundy & Eisenberg* and *Robert L. Eisenberg,* Reno, for Respondent.

Before BECKER, AGOSTI and GIBBONS, JJ.

# OPINION

*Per Curiam:*

In June 2003, the district court denied appellant Terri Flynn's motion to relocate with the parties' eleven-year-old child to California and also denied the change of custody motion brought by respondent Tim Flynn. Although Tim and Terri have joint legal custody of their minor child, Terri has primary physical custody. She brought the relocation motion so that she could move to California for a two-year period to obtain an associate's degree in theology. Terri had no other purpose for the move.

Finding that the move would not serve the minor child's best interest, the district court denied Terri's motion to relocate. Terri appeals the district court's order, arguing that the district court erred by applying the factors outlined in *Schwartz v. Schwartz*[1] because Terri was not changing her domicile. Terri also argues that even if the *Schwartz* factors apply, the district court abused its discretion in denying her relocation motion. We disagree and affirm the judgment of the district court.

## FACTS

Tim and Terri obtained a divorce in July 1997. They have an eleven-year-old son. As part of the divorce decree, the district court awarded both parents joint legal custody of the minor child and awarded Terri primary physical custody. A provision in the divorce decree stated that the child would be raised in the Christian faith. Tim and Terri considered their relationship to be good and treated each other with respect. Both parents loved their child and wanted the best for him.

In August 2002, Terri moved the district court for permission to relocate to California with her son to attend college. Tim opposed Terri's motion to relocate and also moved the district court to give

---

[1]107 Nev. 378, 812 P.2d 1268 (1991).

him primary physical custody of the minor child. The district court held an evidentiary hearing over three days in May 2003.

Terri felt that she was called by God to minister to women in her local church and desired to further her education by attaining an associate's degree in theology. Terri was formally accepted into Calvary Chapel Bible College in Murrieta, California. Although Terri owned several businesses, her passion was her religion and she stated that she wanted to do something more with her life. Terri alleged that she could not obtain the same education in Clark County, but she would return to live in Nevada after she completed her schooling. Terri testified that her primary motivation for moving was not related to the minor child, but for her personal growth.

Tim stated that Terri's motive for relocation was "purely self-centered" and would cause Tim to lose his close relationship with his son. Tim provided evidence that Calvary Chapel Bible College offered correspondence courses through audiotapes or videotapes that are identical to the courses offered on its campus. Additionally, Calvary Chapel Bible College had an extension campus in Spring Valley, Nevada, that Terri was attending at the time of the hearing.

Before the hearing, the district court ordered Dr. Stephanie Holland, a clinical psychologist, to provide a psychological evaluation of both parties. Dr. Holland's report noted that Tim and Terri "have worked well together to foster a loving, interactive, unconditionally supportive relationship with [their son]" and found that both parents were psychologically sound individuals. Dr. Holland opined that it was not in the child's best interest to move to California for two years and then move back to Las Vegas. Dr. Holland listed several reasons why it would not be in the minor child's best interest to move to California at that time.

After the hearing, the district court denied both Terri's relocation motion and Tim's motion to change custody. The district court found that Terri could "obtain the same degree from the same college without leaving Nevada, without disrupting the minor child's schooling, and without changing the current custodial arrangement." The court also noted that Terri had already earned approximately ten credit hours toward her degree. The district court analyzed each of the *Schwartz* factors and held that it was not in the minor child's best interest to relocate to California. Specifically, the district court concluded that Terri's "rights [were] only minimally affected by requiring her to complete the [Calvary Chapel Bible College] Associates [sic] in Theology degree here in Nevada." The district court acknowledged that Terri had a good faith reason for the move, but the move would harm her son and was, therefore, "not sensible." Terri timely appealed the district court's order denying her relocation motion.

## DISCUSSION

We presume that the district court properly exercised its discretion in determining the best interests of the child.[2] "Matters of custody and support of minor children of parties to a divorce action rest in the sound discretion of the trial court, the exercise of which will not be disturbed on appeal unless clearly abused."[3] Therefore, in reviewing Terri's contentions regarding whether the district court ruled in the minor child's best interest, we review the district court's findings for an abuse of discretion. Additionally, we will uphold the district court's determination if it is supported by substantial evidence.[4] Regarding whether the district court erred by applying the *Schwartz* factors, "[t]his court conducts a de novo review of the district court's conclusions of law."[5]

### Abuse of discretion

Terri argues on appeal that the district court erred in denying her relocation motion because (1) Terri never intended to change her domicile and (2) Tim is assured weekly contact with their son. Terri also argues that the *Schwartz* factors do not apply to her relocation because she only wanted to move to California temporarily. We will address each of Terri's arguments in turn.[6]

### Change of domicile and applicability of Schwartz factors

Terri argues that the *Schwartz* factors are inapplicable because she intended to return to Nevada after she obtained her two-year degree and therefore was not changing her domicile. We disagree.

When the primary custodial parent desires to move from Nevada to another state taking "the child with him, he must . . . obtain the written consent of the noncustodial parent."[7] When the noncustodial parent declines to give consent, the custodial parent must petition the district court for permission to move with the child.[8] In

---

[2]*Trent v. Trent,* 111 Nev. 309, 314, 890 P.2d 1309, 1312 (1995); *Culbertson v. Culbertson,* 91 Nev. 230, 233, 533 P.2d 768, 770 (1975).

[3]*Culbertson,* 91 Nev. at 233, 533 P.2d at 770.

[4]*Gepford v. Gepford,* 116 Nev. 1033, 1036, 13 P.3d 47, 49 (2000).

[5]*Blaich v. Blaich,* 114 Nev. 1446, 1447-48, 971 P.2d 822, 823 (1998).

[6]Although Terri argues that the district court erred, the appropriate standard of review is abuse of discretion. *See Jones v. Jones,* 110 Nev. 1253, 885 P.2d 563 (1994).

[7]NRS 125C.200.

[8]*Id.*

considering such a request, the district court should first determine whether the custodial parent wishing to leave Nevada demonstrates good faith reasons for relocating.[9] Once the custodial parent makes the threshold good faith showing, the district court should then apply the factors outlined in *Schwartz* to determine "whether the custodial parent has demonstrated that an actual advantage will be realized by both" the parent and the child by moving to the new location.[10] Once the custodial parent has met this burden, the district court *must* then consider (1) whether the move will likely improve the quality of life for the child and the parent, (2) whether the custodial parent's motives are to frustrate visitation with the noncustodial parent, (3) whether the custodial parent will comply with visitation orders, (4) whether the noncustodial parent's opposition is honorable, and (5) whether there will be an adequate alternative visitation schedule available to preserve the parental relationship.[11]

Nevada's "anti-removal" statute, NRS 125C.200, applies to a custodial parent who "intends to move his residence to a place outside of this state and to take the child with him." NRS 125C.200 does not use the term domicile; it uses the term residence. *Schwartz* does not use the term domicile; it uses only the term residence. Terri argues that residence is domicile and because she desires to move to California for only a two-year period, her domicile will remain in Nevada. She further argues that because Nevada is her domicile, if she resides in California for only two years, NRS 125C.200 does not apply. We disagree.

Terri does not advance any authority supporting her contention that residence is domicile under NRS 125C.200, and we have discovered no such authority.[12] Although NRS 125C.200 does not define "residence," we have stated that all relocation motions must be analyzed pursuant to *Schwartz*.[13] The facts of the instant case require application of the *Schwartz* factors because Terri wants to move to another state. This is not a situation where a custodial parent is asking for a temporary change in visitation so that the parent may live outside of Nevada for a short period of time due to an emergency or a once-in-a-lifetime opportunity that would benefit the parent and the child. Two years is a substantial period in a child's life and the expectation that the parent will eventually return to Nevada is not relevant to the effect such a move will have upon

[9]*Hayes v. Gallacher,* 115 Nev. 1, 5, 972 P.2d 1138, 1140 (1999).

[10]107 Nev. 378, 382, 812 P.2d 1268, 1271 (1991).

[11]*Id.* at 383, 812 P.2d at 1271.

[12]We note that Terri also cited to *Schwartz* and its progeny as relevant law in her original relocation motion.

[13]*Blaich,* 114 Nev. at 1451, 971 P.2d at 825.

the child. Because Terri wants to relocate outside Nevada, we conclude that she must comply with NRS 125C.200 and the *Schwartz* factors as mentioned above.

Terri also argues that if "weekly contact is offered and possible, the *Schwartz* factors should not be applied." We disagree.

This court stated in *Schwartz*:

> [I]n determining the issue of removal, the court must first find whether the custodial parent has demonstrated that an actual advantage will be realized by both the children and the custodial parent in moving to a location so far removed from the current residence that weekly visitation by the noncustodial parent is virtually precluded.[14]

Terri focuses on the weekly visitation requirement as the prerequisite to trigger the application of *Schwartz*. However, this court has repeatedly stated that "all motions to relocate must be analyzed pursuant to *Schwartz*."[15] Terri does not advance any law indicating that "weekly contact" is the threshold requirement before the application of *Schwartz*.

Under current law, if Terri shows a good faith reason for relocating and that reasonable alternative visitation is possible, " '[t]he burden shifts to the noncustodial parent to show that the move is not in the best interests of the children. Such a showing must consist of concrete, material reasons why the move is inimical to the children's best interests.' "[16] We therefore reject Terri's suggestion that the mere demonstration of reasonable alternative visitation ends the inquiry under *Schwartz*.

Schwartz *analysis*

Terri argues that she met her threshold burden of demonstrating a good faith reason for her request to move to California and that reasonable alternative visitation was available for Tim. She then contends that Tim did not meet his burden of showing why the move was not in the best interest of their child and that the district court abused its discretion in denying the motion. We disagree. The

---

[14]107 Nev. at 382, 812 P.2d at 1271.

[15]*Blaich,* 114 Nev. at 1451, 971 P.2d at 825; *see also McGuinness v. McGuinness,* 114 Nev. 1431, 1435, 970 P.2d 1074, 1077 (1998).

[16]*Blaich,* 114 Nev. at 1452, 971 P.2d at 826 (quoting *Jones v. Jones,* 110 Nev. 1253, 1266, 885 P.2d 563, 572 (1994)).

district court analyzed the *Schwartz* factors[17] and balanced both parents' interests in reaching its decision.[18]

This court has stated that "the polestar for judicial decision [in custody matters] is the best interests of the child."[19] The district court determined that moving to California would occur "while [the minor child] enter[ed] middle school, enter[ed] puberty, and while he continue[d] to develop as a young man" and "that the move [would] harm [the minor child], and [was] not sensible." Substantial evidence supports this conclusion.

First, Terri conceded that her only purpose for moving to California would be to obtain her associate's degree in theology. Terri stated that she was "financially comfortable" and was not seeking to obtain her education to increase her income. Terri admitted that she could obtain the same degree from the same college while living in Las Vegas through either Internet classes, audio and video classes or live classes through the college's extension campus.

Second, the child's and Terri's quality of life would remain essentially the same. The district court found, based upon evidence of the parties' financial status, information provided by an educational specialist and a psychological evaluation of the family, that living and educational opportunities would essentially remain unchanged and the child's lifestyle would not be enhanced by the move.

Terri argues that she should have been permitted to move to California because Tim could have weekly contact with their child. Terri states that because Tim has time and money, he can afford to take the sixty-five minute commute by jet to visit the child. The district court concluded that Tim could maintain his relationship with his son if it permitted Terri to move. However, even though adequate alternative visitation was available, the district court stated that it was not in the child's best interest to move. The district court has the discretion to determine from the evidence presented whether it is in the child's best interest to relocate.[20] Because there was substantial evidence to show that the move was not in the child's best interest, the district court properly denied Terri's motion.

---

[17]Three *Schwartz* factors, (1) whether the custodial parent will comply with visitation orders, (2) whether the custodial parent's motives are to frustrate visitation with the noncustodial parent, and (3) whether the noncustodial parent's opposition is honorable, were not disputed by either party. Therefore, these issues are not properly before this court and we will not discuss them.

[18]*Schwartz,* 107 Nev. at 382, 812 P.2d at 1270.

[19]*Id.* at 382, 812 P.2d at 1270-71.

[20]*Culbertson,* 91 Nev. at 233, 533 P.2d at 770.

*First Amendment*

Terri argues that the district court treated her motion differently because she was seeking relocation based on her religious beliefs. We disagree.

Under the First and Fourteenth Amendments of the United States Constitution, federal and state governments are prohibited from making a law "prohibiting the free exercise" of religion. Individuals are free to exercise their religious beliefs without government interference.[21] In the instant case, however, Terri does not specify how the district court violated her constitutional rights nor does she cite to any portion of the record, a statute or case law. During the closing argument at the evidentiary hearing, Tim's attorney stated that "this isn't a [sic] religious from our point of view . . . . It's a question of what is best for [the minor child]. Christianity is not on trial." There is nothing in the record that would evidence that the district court denied Terri's motion based on her religious beliefs. On the contrary, the overwhelming evidence supports that the district court's decision was based on objective factors unrelated to Terri's desire to obtain a theology degree. Therefore, we conclude that Terri's First Amendment argument is without merit.[22]

## CONCLUSION

We conclude that the district court did not err in applying the *Schwartz* factors to the instant case and did not abuse its discretion in denying Terri's relocation motion. The *Schwartz* factors apply to all relocations outside Nevada, regardless of whether the relocation is for a fixed period of time or otherwise. The district court conducted a three-day evidentiary hearing, analyzed the facts thoroughly, correctly applied the *Schwartz* factors, and determined that relocation would not be in the child's best interest. Therefore, we affirm the district court's order.

---

[21]*Mt. Zion Bapt. Ch. v. Second Bapt. Ch.,* 83 Nev. 367, 369, 432 P.2d 328, 329 (1967).

[22]We have considered Terri's other arguments and conclude they are without merit.