# IN THE SUPREME COURT OF THE STATE OF NEVADA

YOAV EGOSI,
Appellant,
vs.
PATRICIA EGOSI, N/K/A PATRICIA
LEE WOODS,
Respondent.

No. 76144

FILED

APR 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's motion to relocate with the parties' minor child to Israel. Eighth Judicial District Court, Family Court Division, Clark County; Bryce C. Duckworth, Judge.

Appellant Yoav Egosi argues the district court applied the incorrect legal standard in denying his relocation petition. We disagree. We review the district court's application of law de novo. *Flynn v. Flynn*, 120 Nev. 436, 440, 92 P.3d 1224, 1227 (2004). Here, the district court applied NRS 125C.007 in its determination of whether to grant appellant's relocation petition. While appellant argues NRS 125C.007 is inapplicable because he had "sole" physical custody, we conclude the district court properly applied NRS 125C.007.

Next, appellant argues that even if the district court applied the correct legal standard, the district court abused its discretion in finding that appellant's reasons for relocating were not sensible. We disagree. We review a district court's decision denying a motion to relocate for an abuse of discretion. *Flynn v. Flynn*, 120 Nev. 436, 440, 92 P.3d 1224, 1227 (2004). While we may not agree with a district court's decision, we will not substitute our judgment for that of the district court. *See id.* ("we will

20-15670

uphold the district court's determination if it is supported by substantial evidence"). Under NRS 125C.007(1)(a), the parent seeking relocation must demonstrate there is "a sensible, good-faith reason for the move, and the move is not intended to deprive the non-relocating parent of his or her parenting time." NRS 125C.007(1)(a). We cannot discern from the record that the district court abused its discretion in making this finding. Moreover, the district court provided sufficient reasoning for the basis of this decision in its order denying relocation. Additionally, to the extent appellant challenges the weight of the evidence, this court does not reweigh witness credibility or the weight of the evidence on appeal. *See Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (refusing to reweigh credibility determinations on appeal); *Quintero v. McDonald*, 116 Nev. 1181, 1183, 14 P.3d 522, 523 (2000) (refusing to reweigh evidence on appeal). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

_____

[1]We have considered appellant's additional arguments and conclude they are without merit. Further, we do not address appellant's arguments arising from a district court order validating a prenuptial agreement in part as the appeal from that order has been dismissed. *Egosi v. Egosi*, Docket No. 76144 (Order Dismissing Appeal in Part, March 2, 2020).

cc: Hon. Bryce C. Duckworth, District Judge, Family Court Division
Carolyn Worrell, Settlement Judge
Alex B. Ghibaudo, PC.
McFarling Law Group
Eighth District Court Clerk