138 Nev., Advance Opinion 61

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TONY MATKULAK,
Appellant,
vs.
KOURTNEY L. DAVIS,
Respondent.

No. 83173

**FILED**

SEP 01 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order establishing child custody, visitation, and child support. Second Judicial District Court, Family Division, Washoe County; Sandra A. Unsworth, Judge.

*Affirmed in part, reversed in part, and remanded.*

Willick Law Group and Marshal S. Willick, Las Vegas,
for Appellant.

Bader & Ryan and Kevin P. Ryan and Todd A. Bader, Reno,
for Respondent.

BEFORE THE SUPREME COURT, SILVER, CADISH, and PICKERING, JJ.

*OPINION*

By the Court, SILVER, J.:

Where separated parents cannot agree on child support, NAC 425.140 provides the framework for calculating the parents' base child support obligations. But a district court may, pursuant to NAC 425.150(1), deviate from that calculation and adjust a party's child support obligation

22·27471

as required to meet the child's specific needs and based on the parties' economic circumstances. Although a court may base a deviation on the relative income of the parties' households, under NAC 425.150(1)(f), the adjustment cannot exceed the other party's total obligation.

In this case, appellant is substantially wealthier than respondent and, based on this income disparity, the district court increased appellant's child support obligation by nearly $2,000 per month over NAC 425.140's base child support obligation. The district court also awarded respondent her attorney fees. Although an upward adjustment was allowed by NAC 425.150 and was supported by the district court's detailed findings on the relevant factors, we conclude the district court erred by exceeding the NAC 425.150(1)(f) cap. We therefore reverse and remand for the district court to reduce appellant's monthly child support obligation consistent with NAC 425.150(1)(f), but we affirm the award of attorney fees.

## FACTUAL HISTORY

Appellant Tony Matkulak and respondent Kourtney Davis have one child, B.M., born in May 2018. The parties were never married. In April 2020, Davis petitioned to establish custody, visitation, and child support. The parties stipulated to share joint legal and physical custody, and Matkulak voluntarily agreed to pay Davis approximately $1,850 per month in child support. Davis supports herself and the record does not indicate she is struggling financially, but Matkulak's monthly income of approximately $38,000 far outstrips Davis's monthly income of approximately $5,000.[1] Thus, Davis sought an upward adjustment to

---

[1]Below, Davis indicated that B.M.'s basic needs were being met without an upward adjustment and that she had sufficient money to cover B.M.'s expenses and to save for her retirement.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Matkulak's child support obligation. Specifically, Davis argued that additional child support would allow her to move into a house with a larger yard and a security system, eat out more often, work less, increase her retirement savings and financial security, and reduce her stress levels—all things that would ultimately benefit B.M.

Pursuant to NAC 425.140, the district court calculated Davis's monthly obligation as $823.04 and Matkulak's monthly obligation as $2,415.70. The court offset Matkulak's monthly obligation by Davis's monthly obligation as required by NAC 425.115(3) because the parties share joint physical custody, finding that Matkulak accordingly owed Davis $1,592.56[2] per month. But applying NAC 425.150(1), the court concluded the monthly obligation was insufficient to meet B.M.'s specific needs arising from the parties' disparate economic circumstances. The court addressed each of the NAC 425.150(1) factors, finding that factors f, g, and h weighed in favor of an upward deviation. Specifically, the court concluded that under factor f Matkulak makes 7.46 times the amount per month that Davis makes from working two jobs; that under factor g B.M. has additional expenses for childcare, extracurricular activities, and health insurance; and that under factor h Matkulak has the ability to pay additional child support.

Accordingly, the district court ordered Matkulak to pay 100 percent of B.M.'s childcare and medical expenses, 75 percent of B.M.'s extracurricular expenses, and $3,500 per month in child support. The court additionally awarded Davis her attorney fees. Matkulak appeals.

---

[2]We note this number should be $1,592.66 per month.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

## DISCUSSION

Matkulak argues the district court improperly increased his monthly child support obligation based solely on his greater income and further erred by awarding attorney fees to Davis.

*The upward adjustment to Matkulak's child support obligation*

We review the district court's decision regarding a child support obligation for an abuse of discretion. *Flynn v. Flynn*, 120 Nev. 436, 440, 92 P.3d 1224, 1227 (2004). But we review questions of statutory interpretation de novo. *Valdez v. Aguilar*, 132 Nev. 388, 390, 373 P.3d 84, 85 (2016). In interpreting a statute or regulation, we give effect to its plain meaning and, to the extent it is ambiguous, we interpret it consistent with reason and public policy. *Id.*; *see also Silver State Elec. Supply Co. v. State, Dep't of Taxation*, 123 Nev. 80, 85, 157 P.3d 7120, 713 (2007) ("Statutory construction rules also apply to administrative regulations."). We consider provisions as a whole and will avoid interpretations that render phrases superfluous or nugatory. *Manuela v. Eighth Judicial Dist. Court*, 132 Nev. 1, 6-7, 365 P.3d 497, 501 (2016).

Pursuant to NRS 425.620, the Administrator of the Division of Welfare and Supportive Services of the Nevada Department of Health and Human Services has adopted various regulations in NAC Chapter 425 pertaining to the support of dependent children. NAC 425.140 sets forth a framework for calculating a base child support obligation. By regulation, it is presumed that this amount provides for the child's basic needs. NAC 425.100(2). A court may deviate from the NAC 425.140 framework if it calculates the base child support obligation and sets forth findings of fact supporting the deviation. NAC 425.100(3). NAC 425.150(1) additionally authorizes a court to adjust the base child support obligation "in accordance with the specific needs of the child and the economic circumstances of the

SUPREME COURT
OF
NEVADA

(O) 1947A

parties" based on eight factors and specific findings of fact. Those factors are:

> (a) Any special educational needs of the child;
>
> (b) The legal responsibility of the parties for the support of others;
>
> (c) The value of services contributed by either party;
>
> (d) Any public assistance paid to support the child;
>
> (e) The cost of transportation of the child to and from visitation;
>
> (f) The relative income of both households, so long as the adjustment does not exceed the total obligation of the other party;
>
> (g) Any other necessary expenses for the benefit of the child; and
>
> (h) The obligor's ability to pay.

NAC 425.150(1)(a)-(h).

Matkulak contends that a precondition to applying any of the NAC 425.150(1) factors is that the adjustment must address a specific need of the child. Although we agree the court must appropriately weigh the child's specific needs in evaluating an adjustment, we disagree that NAC 425.150(1) requires any adjustment to be based on a specific need of the child. NAC 425.150(1) permits district courts to adjust the child support obligation "*in accordance with* the specific needs of the child and the economic circumstances of the parties *based upon* the following factors and specific findings of fact[.]" (Emphases added.) The phrase "in accordance with" means to be "in a manner conforming with." *Accordance, New Oxford American Dictionary* (3d ed. 2010); *see also Accordance, Merriam-Webster's Collegiate Dictionary* (11th ed. 2003) (defining the term as to be in conformity with). Thus, the child's specific needs, if any, along with the

parties' economic circumstances, provide a prism through which the court must view the requested child support deviation to determine whether it is appropriate. But pursuant to the plain language of NAC 425.150(1), it is the eight factors therein that set forth possible bases upon which to order an adjustment. Some of those factors regard specific needs a child may have, but others do not, making clear that although an adjustment under NAC 425.150(1) must conform with any specific needs the child may have, an adjustment is not contingent on the child having a specific need for that adjustment.

Here, the district court made findings on each of the NAC 425.150(1) factors, along with detailed findings on the parties' economic circumstances and B.M.'s specific needs in light of those circumstances. In ordering an upward adjustment, the court applied factors f, g, and h. Factor f is "[t]he relative income of both households, so long as the adjustment does not exceed the total obligation of the other party." NAC 425.150(1)(f). This language allows one party's relative wealth to provide a basis for an upward adjustment. The district court found that Matkulak earns 7.46 times more than Davis in a month. This factor therefore supports an upward adjustment. Factor g, however, does not. That factor references "[a]ny other necessary expenses for the benefit of the child," and although the court found that B.M. had expenses related to childcare, extracurricular activities, and health insurance, the court separately ordered Matkulak to pay for those expenses, removing them from consideration for purposes of NAC 425.150(1). Nor does factor h support an upward adjustment based on one party's relative wealth. Factor h references "[t]he obligor's ability to pay." But factor f already provides for such an adjustment and caps it at "the total obligation of the other party." To read factor h as providing the same grounds for an additional upward adjustment would create a conflict

with the cap in factor f and/or make factor f redundant. *See* Comm. to Review Child Support Guidelines, Comm. Meeting Notes (Nev. Sept. 17, 2021) (discussing factor h as allowing a downward adjustment when the party's life circumstances made it difficult for the party to pay the regulatory amount of child support).

Thus, only factor f provides a basis for an upward adjustment here. The district court's order focused on that factor, concluding that B.M.'s specific needs are not met by the base child support obligation because of the gross income disparity between the parties when considered in conjunction with their respective expenses for food and shelter. Because the district court ordered the adjustment in accordance with the child's specific needs and the parties' economic circumstances, based on one of the authorized factors, we conclude the district court did not err in ordering an upward adjustment. That does not fully resolve the question before us, however, as NAC 425.150(1)(f) allows an upward adjustment on that basis only "so long as the adjustment does not exceed the total obligation of the other party." This language plainly caps the limit of any upward adjustment here to Davis's monthly obligation amount, which the district court calculated as $823.04. The district court therefore erred by increasing Matkulak's monthly obligation by nearly $2,000 per month, as this far exceeds the amount allowed by factor f. We therefore reverse the district court's decision to increase Matkulak's child support obligation to $3,500 per month and remand with instructions to reduce Matkulak's monthly child support obligation to no more than an additional $823.04 per month above the base child support obligation.

*Attorney fees*

NRS 125C.250 gives the district court broad discretion in a child custody action to order reasonable attorney fees and costs as

determined by the court. The district court's decision to award attorney fees will stand absent an abuse of discretion. *See Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005).

Here, the district court found that an award to Davis was proper because Matkulak used his superior wealth to unnecessarily increase litigation costs. Matkulak argues the district court improperly penalized him for correctly pointing out, as a negotiation tactic, that he was voluntarily paying more child support than required by the regulations and that a downward adjustment was possible. However, the district court found that Matkulak requested a downward adjustment to pressure Davis into accepting a settlement offer and that he engaged in other tactics to increase litigation expenses, such as unnecessarily involving his attorney in minutia. Matkulak does not contest these findings, and to the extent Matkulak argues it was Davis's conduct more than his own that increased the litigation costs, we decline to reweigh the evidence on appeal. *See Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (refusing to reweigh credibility determinations on appeal); *Quintero v. McDonald*, 116 Nev. 1181, 1183, 14 P.3d 522, 523 (2000) (noting that this court is not at liberty to reweigh evidence on appeal). Accordingly, even though we conclude the upward adjustment here improperly exceeded the NAC 425.150(1) cap, we conclude that Matkulak fails to show that the district court abused its discretion in awarding attorney fees to Davis, and we affirm this portion of the court's decision.

## CONCLUSION

NAC 425.150(1) provides district courts with the discretion to adjust a child support obligation based on eight separate factors and in

accordance with the child's specific needs and the parties' economic circumstances. But when a court orders an upward adjustment based on NAC 425.150(1)(f), the relative income of the households, the amount of the other party's total obligation caps the upward adjustment. Here, the district court did not err by basing an upward adjustment on NAC 425.150(1)(f), but the court did err by ordering an upward adjustment in excess of the other party's total obligation. We further conclude that the district court did not abuse its discretion by awarding attorney fees. We therefore affirm in part, reverse in part, and remand this case to the district court with instructions to reduce the amount of Matkulak's monthly child support obligation in accordance with NAC 425.150(1)(f).

_____, J.
Silver

We concur:

_____, J.
Cadish

_____, J.
Pickering