DE ROONEY, Appellant, v. GREG
ROONEY, Respondent.

No. 23637

May 28, 1993

853 P.2d 123

[Rehearing denied November 2, 1993]

*Paul A. Sherman,* Carson City, for Appellant.

*Thomas E. Perkins,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

### Facts

Appellant De Rooney (De) and respondent Greg Rooney (Greg) married on September 9, 1990, a little less than two months after their daughter Jessica (Jessica) was born. De and Greg were both eighteen at the time of Jessica's birth, and were high school students when Jessica was conceived.

The marriage was short-lived. De and Greg separated in July, 1991, approximately ten months after their marriage. Greg filed for divorce one month later, and a district court entered a divorce decree on November 7, 1991. The decree incorporated a settlement agreement dated October 21, 1991, giving joint legal custody of Jessica to De and Greg, and primary physical custody to De, with reasonable visitation rights to Greg.

Greg moved to modify custody on January 7, 1992. The district court held a hearing on Greg's motion on March 5, 1992. On March 11, 1992, the district court concluded that Greg could provide Jessica better baby-sitting care and a more stable living environment, as well as an extended family. As a result, the district court awarded physical custody to Greg.

De turned Jessica over to Greg on March 19, 1992. On April 14, 1992, De moved for a change of custody based upon changed circumstances subsequent to the March 5 hearing. Such changed circumstances included: (1) that on April 1, 1992, Greg appeared at De's home and signed a piece of paper stating that he no longer wanted custody of Jessica, only to return the next morning with Carson City sheriff's officers to regain custody of the child; (2) that Greg and his parents engaged in a systematic pattern of harassment and obstruction in order to prevent De from seeing or speaking to Jessica, despite De's rights of visitation; (3) that De terminated her relationship with her fiancee with whom she had planned to move to California, so now she could focus her efforts on regaining custody of Jessica; and (4) that De's mother desired visitation with Jessica, thus providing Jessica with an extended family.[1]

---

[1] De also contended at oral argument that there was evidence of child

On June 22, 1992, without holding a hearing, the district court stated:

> [T]his Court declines to entertain the motion to modify custody at this time,[2] as to do so would allow [De] to exploit NRS 125.510[3] and its provisions. This Court feels the Motion for Custody . . . was filed without reasonable grounds or solely to harass [Greg].

(Footnotes added.) The district court further stated that "declining to entertain said Motion at this time will protect the best interests of [Jessica]."

De appealed, arguing that the district court erred by failing to hold a hearing on the merits of her motion.

## Discussion

This appeal addresses an issue of first impression in Nevada. This court has not previously decided whether a district court *must* hold a hearing on a motion to modify custody, or whether a district court may decide such a motion on affidavits and points and authorities alone.

Nevada statutes and case law provide district courts with broad discretion concerning child custody matters. *See generally* NRS 125.510; Culbertson v. Culbertson, 91 Nev. 230, 533 P.2d 768 (1975) (it is presumed that a trial court has properly exercised its judicial discretion in determining the best interests of a child); Paine v. Paine, 71 Nev. 262, 287 P.2d 716 (1955) (a district court has the discretion to act when the matter before it concerns the interests or welfare of children). Given such discretion in this area, we hereby adopt an "adequate cause" standard. That is, we hold that a district court has the discretion to deny a motion to modify custody without holding a hearing unless the moving party demonstrates "adequate cause" for holding a hearing. *See*

---

abuse. De did not allege child abuse as a changed circumstance in her motion, however. As a result, that issue was not before the district court.

Furthermore, on April 28, 1992, the State took custody of Jessica pursuant to NRS 432B, and began investigating the charge of child abuse. In a separate proceeding, the district court ordered the State to return Jessica to Greg if the State concluded that no abuse had occurred. On May 8, 1992, the State returned Jessica to Greg.

[2]Despite the district court's language, the district court did in fact analyze the parties' moving and opposition papers in reaching its decision. We therefore conclude that the district court considered De's motion, and that its order effectively denied the motion.

[3]NRS 125.510 permits a district court to make orders for the custody, care, education, maintenance and support of minor children as it appears in their best interests.

Pridgeon v. Superior Court, 655 P.2d 1 (Ariz. 1982) (court shall deny a motion to modify custody unless it finds that the pleadings establish adequate cause for hearing the motion); Betzer v. Betzer, 749 S.W.2d 694 (Ky.Ct.App. 1988) (if the trial court determines that the affidavits fail to establish adequate cause for a hearing, the motion for modification of custody shall be denied without a hearing); Lutzi v. Lutzi, 485 N.W.2d 311 (Minn. Ct.App. 1992) (court did not wrongfully deny an evidentiary hearing on a proposal to modify custody where the moving party failed to demonstrate a prima facie case for the modification); Roorda v. Roorda, 611 P.2d 794 (Wash.Ct.App. 1980) (court shall deny a motion to modify custody unless the affidavits establish adequate cause for hearing the motion). "Adequate cause" requires something more than allegations which, if proven, might permit inferences sufficient to establish grounds for a custody change. Roorda v. Roorda, 611 P.2d 794, 796 (Wash.Ct.App. 1980). "Adequate cause" arises where the moving party presents a prima facie case for modification. To constitute a prima facie case it must be shown that: (1) the facts alleged in the affidavits are relevant to the grounds for modification; and (2) the evidence is not merely cumulative or impeaching. *Roorda,* 611 P.2d at 796.[4]

We conclude that De failed to establish in her affidavits and points and authorities adequate cause to require a hearing. Therefore, we hold that the district court properly exercised its discretion in denying De's motion without holding a hearing.

We have carefully considered all other issues raised on appeal and conclude that they lack merit or need not be addressed given our disposition of this appeal. Accordingly, we affirm the district court's order denying De's motion to modify custody.

---

[4]The "adequate cause" standard comports with section 410 of the Uniform Marriage and Divorce Act, which states:

> A party seeking a temporary custody order or modification of a custody decree shall submit together with his moving papers an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceeding, who may file opposing affidavits. *The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits,* in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

9A Uniform Laws Ann., Uniform Marriage and Divorce Act § 410 (1987). (Emphasis added.) Adopting an "adequate cause" standard will help further two important judicial goals: (1) "discourag[ing] contests over temporary custody"; and (2) "prevent[ing] repeated or insubstantial motions for modification." 9A Uniform Laws Ann., Uniform Marriage and Divorce Act § 410 commentary at 668 (1987).