An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DIANE VIALLET-VOLK,
Appellant,
vs.
PETER F. VOLK,
Respondent.

No. 62261

**FILED**

OCT 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a post-divorce decree district court order concerning spousal support, the disposition of the martial residence, and child support. Eighth Judicial District Court, Family Court Division, Clark County; William B. Gonzalez, Judge.

On appeal, appellant first argues that the district court abused its discretion when it denied her request to increase spousal support without holding an evidentiary hearing. At the time of the parties' divorce, appellant suffered from health problems and did not work. Appellant was awarded spousal support in the amount of $7,000 per month for the first 24 months, $6,000 per month for the next 60 months, and $4,000 per month for the remaining 24 months. Appellant contends that the district court overlooked information indicating that at the time of her modification request, her medical condition had not improved, it was costly, and it continued to prevent her from working.

This court reviews a district court's decision on a motion to modify spousal support for an abuse of discretion. *See Gilman v. Gilman,*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-33949

114 Nev. 416, 422, 956 P.2d 761, 764 (1998). The district court's factual findings must be supported by substantial evidence, *see Shydler v. Shydler*, 114 Nev. 192, 196, 954 P.2d 37, 39 (1998), which is evidence that a reasonable person may accept as adequate to sustain a judgment. *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007). Judicially sanctioned spousal support may be modified upon a showing of changed circumstances. NRS 125.150(7). Here, the record reveals that there is substantial evidence supporting the district court's findings that appellant's health conditions and her income-earning prospects had not changed from the time that the support award was made and that appellant failed to establish changed circumstances. Additionally, appellant has not demonstrated that the district court should have held an evidentiary hearing on the matter. *Cf. Rooney v. Rooney*, 109 Nev. 540, 542-43, 853 P.2d 123, 124-25 (1993) (providing that if a moving party is unable to make out a prima facie case for modification of a child custody award, the court may resolve a motion without holding an evidentiary hearing). Thus, we conclude that the district court did not abuse its discretion in denying appellant's request to modify spousal support. *See Gilman*, 114 Nev. at 422, 956 P.2d at 764.

Appellant also argues that the district court improperly denied her request for tort and contract civil remedies for respondent's violation of the terms of the marital settlement agreement and memorandum of agreement incorporated into the divorce decree. By the terms of the divorce decree, respondent took the marital home and was required to refinance the mortgage in order to remove appellant as an obligor. At the

time appellant filed her motion for tort and contract remedies, respondent had not succeeded in removing appellant from the mortgage.

While the family court division of the district court has jurisdiction to adjudicate claims outside the scope of NRS 3.223, *see Landreth v. Malik*, 127 Nev. ___, ___, 251 P.3d 163, 164 (2011), appellant's tort and contract claims were improperly raised in a post-judgment motion. *See generally* NRCP 8 (explaining that claims for relief should be set forward in a pleading); NRCP 15 (providing when a pleading may be amended and supplemented). Additionally, because the marital settlement agreement and memorandum of agreement were incorporated and merged into the divorce decree, any attempt to enforce these agreements under contract principles is improper. *See Day v. Day*, 80 Nev. 386, 389-90, 395 P.2d 321, 322-23 (1964) (explaining that the merger of an agreement into a divorce decree destroys the independent existence of the agreement). Accordingly, the district court properly denied appellant's tort and contract claims.

Finally, appellant argues that the district court abused its discretion by not reducing her obligation to pay the parties' child's unreimbursed medical expenses to only five percent of the cost incurred. Because there is substantial evidence in the record supporting the district court's findings that there was no change in circumstances warranting the modification and that appellant was able to pay the amount ordered in the divorce decree, we conclude that the district court did not abuse its discretion in denying the request to reduce appellant's support obligation for the child's medical expenses. *See Wallace v. Wallace*, 112 Nev. 1015,

SUPREME COURT
OF
NEVADA

(O) 1947A

1019, 922 P.2d 541, 543 (1996) ("Matters of custody and support of minor children rest in the sound discretion of the trial court.").

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.[1]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:    Hon. William B. Gonzalez, District Judge, Family Court Division
       Carolyn Worrell, Settlement Judge
       Roberts Stoffel Family Law Group
       Sklar Williams LLP
       Eighth District Court Clerk

_____

[1]To the extent that appellant's arguments are not addressed by this order, we conclude that they lack merit.