An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY HAUGABOOK,
Appellant,
vs.
LISA ANNE HAUGABOOK,
Respondent.

No. 64364

FILED

DEC 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DISMISSING APPEAL IN PART
AND AFFIRMING IN PART*

This is a proper person appeal from post-divorce decree district court orders concerning the allocation of social security benefits, contempt, and child custody. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

On appeal, appellant first challenges the district court's January 10, 2013, order regarding the distribution of the childrens' social security benefits, and portions of the June 25, 2013, order finding him to be in contempt for failing to comply with the order regarding the distribution of the social security benefits and directing respondent to submit a memorandum of attorney fees. We conclude that we lack jurisdiction over these portions of this appeal. Appellant did not timely appeal from the district court's order regarding the distribution of social security benefits, as the notice of entry of the order was served on January 15, 2013, which was more than 33 days before appellant's filing of his notice of appeal on November 1, 2013. NRAP 4(a)(1). As for the June 25, 2013, order, an order concerning contempt is not appealable. *Pengilly v. Rancho Santa Fe Homeowners Ass'n.*, 116 Nev. 646, 649, 5 P.3d 569, 571

14-40644

(2000); *see also* NRAP 3A(b); *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). Also, that order did not award an amount of attorney fees, but instead directed respondent to file a memorandum of costs and disbursements and set a further hearing. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (providing that a post-judgment order awarding attorney fees is appealable as a special order made after final judgment). Thus, the attorney fees issues was not decided with finality. We therefore lack jurisdiction over these issues and dismiss this appeal as to these portions of the district court's orders.

Next, appellant challenges the portion of the June 25, 2013, order denying his motion for primary custody and to relocate out of state with the minor children. Having considered the proper person appeal statement and the record on appeal, we conclude that the district court did not abuse its discretion in denying appellant's motion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion).

The record indicates that the district court confirmed that the parties shared joint legal and physical custody in its January 2013 order, just five months before appellant filed his motion. The district court determined that appellant did not make any persuasive allegations in his motion that the out-of-state move would be in the best interests of the minor children. *Druckman v. Ruscitti*, 130 Nev. ___, ___, 327 P.3d 511, 515 (2014). Appellant has therefore not demonstrated that the district court should have held an evidentiary hearing on the matter because he did not present a prima facie case for modification of custody or relocation. *Cf. Rooney v. Rooney*, 109 Nev. 540, 542-43, 853 P.2d 123, 124-25 (1993)

(providing that if a moving party is unable to demonstrate a prima facie case for modification of a child custody award, the court may resolve a motion without holding an evidentiary hearing). Thus, the district court did not abuse its discretion in denying appellant's motion for primary physical custody and to relocate, *Wallace*, 112 Nev. at 1019, 922 P.2d at 543, and we affirm that portion of the district court's order.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc: Hon. Jennifer Elliott, District Judge, Family Court Division
Anthony Haugabook
Lisa Anne Haugabook
Eighth District Court Clerk

---

[1]We have reviewed appellant's other arguments and conclude that they lack merit.