**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HARJITT SINGH,
Appellant,
vs.
AMARJIT KAUR SINGH,
Respondent.

No. 63530

**FILED**

JAN 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING*

This is a pro se appeal from a post-divorce decree district court order regarding child custody and child support. Eighth Judicial District Court, Family Court Division, Clark County; Mathew Harter, Judge.

On appeal, appellant argues that the district court abused its discretion when it denied his request to reduce or eliminate his child support obligation. The district court may review a child support award upon a showing of changed circumstances, and it may modify the award if doing so is in the child's best interest. *Rivero v. Rivero*, 125 Nev. 410, 431, 216 P.3d 213, 228 (2009); *see also* NRS 125B.080(3); NRS 125B.145(4). Because appellant failed to allege a change in circumstance regarding his child support obligation and that a modification was in the best interest of the parties' child, we conclude that the district court did not abuse its discretion when it denied appellant's motion to reduce or eliminate his support obligation. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a district court's child support determination for an abuse of discretion).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-01760

Appellant also argues that the district court abused its discretion when it denied his request to modify the parties' child custody arrangement, which provided appellant with supervised visitation, without holding a hearing on the matter. In response, respondent contends that appellant's motion was not supported by a recommendation from the parenting coordinator and did not identify changed circumstances relating to the supervision requirement.[1] Initially, we note that the district court order appointing the parenting coordinator does not grant the parenting coordinator authority over "substantive change[s] to the parenting plan," including changes to the supervision requirement. Thus, it was appropriate for appellant to seek to lift the supervision requirement in the district court in the first instance.

As to the merits of appellant's motion, when a party seeks to modify a judicially approved visitation and custody arrangement, the party must show that there has been a substantial change in circumstances affecting the welfare of the child and that the child's best interest is served by the modification. *See Ellis v. Carucci*, 123 Nev. 145, 150, 161 P.3d 239, 242 (2007); *cf. Rennels v. Rennels*, 127 Nev. ___, ___, 257 P.3d 396, 401-02 (2011) (requiring a substantial change in circumstances and best-interest-of-the-child analysis regarding the

---

[1]In her response to appellant's appeal statement, respondent requested guidance from this court regarding confidential reports evaluating appellant. To the extent respondent was requesting leave to supplement the record, we deny the request because the reports are not necessary to our evaluation, as it does not appear that the district court was presented with or considered them in its most recent order denying appellant's request to modify visitation.

termination of a grandmother's visitation rights); *see also* NRS 125.480(4) (setting forth factors for determining the best interest of the child). A district court must hold an evidentiary hearing on a request to modify custody if the moving party demonstrates a prima facie case for the modification. *Rooney v. Rooney*, 109 Nev. 540, 542-43, 853 P.2d 123, 124-25 (1993).

In his motion, appellant contended that unsupervised visitation was in the child's best interest and that there had been a significant change in circumstances relating to child custody. Appellant stated that he had consistently exercised his supervised visitation rights in the eight-month period since the divorce decree and that the visits were free of negative incidents and had gone well. He further stated that reports of his visitation from "Donna's House," the third-party supervisor, were favorable. Appellant also argued that the positive supervised visitations, his stable home life, and his engagement to be married demonstrated that there was no longer cause for supervised visitation, and thus, there had been a substantial change in circumstances justifying a modification of the supervision requirement. Additionally, appellant argued that more liberal visitation was in the child's best interest because the child was older, he and the child had developed a relationship, and the child enjoyed appellant's visits. We conclude that appellant established a prima facie case for modifying his supervised visitation, *see Rooney*, 109 Nev. at 542-43, 853 P.2d at 124-25, and that the district court abused its discretion when it denied appellant's motion for unsupervised visitation without holding a hearing on the matter. *See Rennels*, 127 Nev. at ___,

257 P.3d 401-02; *see also Wallace*, 112 Nev. at 1019, 922 P.2d at 543. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for further proceedings consistent with this order. [2]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Mathew Harter, District Judge, Family Court Division
        Harjitt Singh
        Abrams Law Firm, LLC
        Eighth District Court Clerk

---

[2]We have considered appellant's argument regarding the district court's refusal to hold respondent in contempt and conclude that it lacks merit, however, we note that appellant may seek a district court order enforcing the divorce decree upon remand.