An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAWN ZRIMSEK,
Appellant,
vs.
ROBERT L. ANDERSON,
Respondent.

No. 65762

**FILED**

JUL 23 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is a fast track appeal from a district court order denying a motion to modify child custody. Eighth Judicial District Court, Family Court Division, Clark County; Bill Henderson, Judge.

The parties share joint legal custody of their middle-school-aged child. Respondent has primary physical custody subject to appellant's visitation three weekends a month. Since the last custody order, the child had been experiencing trouble in school. The child also had expressed suicidal thoughts, and upon learning this, his school directed that he undergo a mental health evaluation. The child was evaluated by Montevista Hospital on February 28, 2014, and released on March 6, 2014. On March 3, 2014, appellant filed her motion to modify custody. At the hearing on the motion, the district court heard argument from each party's attorney but did not hear testimony and denied appellant's motion without holding an evidentiary hearing. Appellant appeals, and argues that the district court should have held an evidentiary hearing before ruling on her motion.

This court reviews a child custody decision for an abuse of discretion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996). Modification of legal custody is appropriate when it is in the child's best interest. *See* NRS 125.510. Modification of primary physical

custody is warranted when there has been a substantial change in circumstances affecting the welfare of the child and the modification serves the child's best interest. *Ellis v. Carucci*, 123 Nev. 145, 150-51, 161 P.3d 239, 242-43 (2007). A court may deny a motion to modify custody without holding an evidentiary hearing unless the moving party establishes adequate cause for a modification of custody by presenting a prima facie case for modification. *Rooney v. Rooney*, 109 Nev. 540, 542-43, 853 P.2d 123, 124-25 (1993). "To constitute a prima facie case it must be shown that: (1) the facts alleged in the affidavits are relevant to the grounds for modification; and (2) the evidence is not merely cumulative or impeaching." *Id.* at 543, 853 P.2d at 125.

Having reviewed the record and the parties' briefs, we conclude that the district court abused its discretion when it determined that appellant failed to establish adequate cause to hold an evidentiary hearing on her motion to modify custody. On appeal, respondent asserts that there had not been a substantial change in circumstances and although the child was experiencing difficulty, a change in custody would not improve the situation. Appellant's district court allegations, however, established adequate cause for an evidentiary hearing on her motion. Appellant alleged that the child experienced suicidal thoughts and that he was admitted at Montevista Hospital as a result, and that he had been cutting himself. Appellant further alleged that the child considered running away from home, his grades had declined, he had been suspended from school, and he had been caught shoplifting. These events, if proven, could constitute a substantial change in circumstances affecting the welfare of the child. *See Ellis*, 123 Nev. at 151, 161 P.3d at 243. Appellant also addressed the child's best interest. She stated that

respondent was the child's source of stress and that appellant could provide a more stable household for the child. She also alleged that a change in physical custody would help to facilitate the child's ongoing medical treatment because respondent was refusing to provide the child medical care. *See id.* at 151-52, 161 P.3d at 243. These are relevant to the grounds for modification, *see id.*, and are not merely cumulative or impeaching, and thus, the district court abused its discretion when it denied appellant's motion to change custody without holding an evidentiary hearing. *Rooney*, 109 Nev. at 542-43, 853 P.2d at 124-25. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Bill Henderson, District Judge, Family Court Division
     Robert E. Gaston, Settlement Judge
     David L. Mann
     Robert L. Anderson
     Eighth District Court Clerk

---

[1]We have determined that this appeal should be submitted for decision on the fast track briefing and appellate record without oral argument. *See* NRAP 3E(g)(1); NRAP 34(f)(1).