An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BARNET LEVINE,
Appellant,
vs.
MINDY HOAG A/K/A MINDY LEVINE
A/K/A MINDY TOOMBS,
Respondent.

No. 65240

FILED

SEP 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER AFFIRMING IN PART,
REVERSING IN PART AND REMANDING*

This is a pro se appeal from a district court order regarding custody and sanctions. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

The parties have one child, now a teenager. Respondent has primary physical custody of the child with appellant holding visitation. Appellant lives in Michigan and respondent lives in Nevada. Appellant sought to modify custody arguing that he had custody of the child more than 40-percent of the time. The district court denied his motion, and finding that the parties had been filing frivolous motions, the court prohibited both parties from filing any future motion in the case without first receiving the court's approval. This appeal followed.

Appellant asserts that the district court abused its discretion when it denied his motion to modify physical custody. When determining whether a parent has de facto joint physical custody, the court should consider whether the modification is in the child's best interest, and in so doing, should consider whether the parent has the child for at least 40-percent of the time. *Bluestein v. Bluestein*, 131 Nev., Adv. Op. 14, 345

SUPREME COURT
OF
NEVADA

(O) 1947A

P.3d 1044, 1048-49 (2015). Here, the district court found that appellant's motion failed to support his claim that he had custody more than 40-percent of the time. Indeed, the record indicates that appellant did not state the dates he claimed he had custody, and attached calendars with illegible handwritten notations. Accordingly, we conclude the district court did not abuse its discretion when it denied appellant's request for a modification of custody and we affirm this portion of the order.[1] NRCP 7(b)(1) (providing that written motions for court orders must "state with particularity" the grounds for the requested order); *see Wallace v. Wallace,* 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a district court custody order for an abuse of discretion); *see generally Rooney v. Rooney,* 109 Nev. 540, 542, 853 P.2d 123, 124 (1993) (holding that "a district court has the discretion to deny a motion to modify custody without holding a hearing unless the moving party demonstrates 'adequate cause' for holding a hearing").

Appellant next challenges the district court's restriction on filing future motions without first seeking permission from the district court.[2] A court may on its own initiative impose sanctions on parties and

---

[1]Because appellant's failure to properly support his motion is determinative as to appellant's request to modify custody, we need not address the district court's additional reasons for denying appellant's request and appellant's corresponding arguments on appeal regarding custody modification.

[2]The district court described the restriction as a "GOAD Order," presumably alluding to *Goad v. United States,* 661 F. Supp. 1073, 1081-82 (S.D. Tex. 1987) *aff'd in part and vacated in part,* 837 F.2d 1096 (Fed. Cir. 1987). *See Goad v. Rollins,* 921 F.2d 69 (5th Cir. 1991). We note, however that court-imposed restrictions on filing, like the one at issue here, are governed by NRCP 11 and Nevada's vexatious litigant case law. *See*
*continued on next page...*

must tailor those sanctions to address filings that are brought for an improper purpose. NRCP 11(b)(1), (c)(1)(B), and (c)(2); *Jordan*, 121 Nev. at 56, 110 P.3d at 40. Such sanctions, however, may not be imposed without first providing the offending party notice and opportunity to respond. NRCP 11(c) and (c)(1)(B); *see Jordan*, 121 Nev. at 63, 110 P.3d at 44 (holding that a district court's sue sponte vexatious litigant order entered without notice or opportunity to respond violated the litigant's due process rights). Here, the district court provided no notice to the parties prior to imposing its limitation on filing new motions. We therefore conclude that the district court abused its discretion when it imposed the restrictive order without first providing notice and an opportunity to respond. NRCP 11(c)(1)(B); *see* NRS 125.090 (providing that family law proceedings should conform to the Nevada Rules of Civil Procedure as nearly as conveniently possible); *see also Office of the Washoe Cnty. Dist. Attorney v. Second Judicial Dist. Court*, 116 Nev. 629, 636, 5 P.3d 562, 566 (2000) (stating that orders imposing NRCP 11 sanctions are reviewed for abuse of discretion on direct appeal). Thus, we reverse the district court order as to its restriction on filing future motions with the court and remand for further proceedings.

Finally, appellant asserts that the district court violated his due process rights by not being sufficiently prepared for certain proceedings in the case and truncating cross-examination during an evidentiary hearing. Appellant, however, provides no transcript of any

---

*...continued*
generally *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 56, 110 P.3d 30, 40 (2005), *disavowed on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008).

proceedings during which the alleged violations occurred, and thus he fails to demonstrate the district court abused its discretion in this regard. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (explaining that this court "generally cannot consider matters not contained in the record on appeal" and "[w]hen an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision"); *see* NRAP 30(b)(1).

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Jennifer Elliott, District Judge, Family Court Division
     Barnet LeVine
     Mindy Hoag
     Eighth District Court Clerk

SUPREME COURT
OF
NEVAOA

(O) 1947A