# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARIUSZ ADAMSKI,
Appellant,
vs.
ANNA ADAMSKA,
Respondent.

No. 67328



FILED

JUN 2 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order declining to exercise jurisdiction over child custody in a divorce action. Eighth Judicial District Court, Family Court Division, Clark County; Sandra L. Pomrenze, Judge.

Mariusz Adamski and Anna Adamska were married in 2008, and resided in Poland. After Mariusz obtained legal permanent resident status in the United States, he moved to Las Vegas. Anna followed him to the United States shortly thereafter, along with their two minor children. After living slightly more than six months in Las Vegas, Anna returned to Poland with the two minor children, without Mariusz's knowledge or consent. Mariusz filed a complaint for divorce in a Nevada district court, requesting sole legal and physical custody, along with a motion for temporary custody, visitation, and/or exclusive possession. Mariusz then filed a petition with a Polish court for the return of his children pursuant to the provisions of the Hague Convention on Civil Aspects of International Child Abduction. Following a hearing in Poland that Mariusz attended, the Polish court dismissed his petition. In its decision, the Polish court established the following findings of fact: Mariusz resorted to "cruel punishment," including maiming the children's dolls, shouting, "nudging and pushing," and "corporal punishment."

Both parties later participated in a series of hearings in the Nevada district court—Mariusz in person and Anna through counsel—to determine whether Nevada jurisdiction was proper. Mariusz appealed the Polish court's decision, and the Polish court dismissed his appeal. Anna later filed the Polish court's initial decision and subsequent dismissal with the Nevada district court. The Nevada district court held several additional hearings and the parties submitted briefs regarding jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Mariusz never requested an evidentiary hearing. Ultimately, the Nevada district court issued a divorce decree, and in a separate order, recognized the Polish court's domestic violence findings, and declined to exercise jurisdiction over child custody because it found that Nevada was an inconvenient forum. *See* NRS 125A.365(4). Mariusz filed the instant appeal regarding the district court's declination of jurisdiction.

We conclude that the district court's failure to hold an evidentiary hearing prior to concluding that Nevada was an inconvenient forum was not an abuse of discretion. *See Rooney v. Rooney*, 109 Nev. 540, 542, 853 P.2d 123, 124 (1993) ("Nevada statutes and case law provide district courts with broad discretion concerning child custody matters."); *see also* NRS 125A.365(2) ("Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors . . . .").

We further conclude that the district court did not abuse its discretion when it declined to exercise further jurisdiction based on forum non conveniens. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.,*

(O) 1947A

131 Nev., Adv. Op. 35, 350 P.3d 392, 395-96 (2015) (noting that this court reviews an order dismissing a case for forum non conveniens for an abuse of discretion); *see also Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." (internal quotation marks omitted)). The district court correctly considered the factors outlined in NRS 125A.365. Further, contrary to Mariusz's argument on appeal, the district court did not abuse its discretion in its compliance with *Druckman v. Ruscitti*, 130 Nev., Adv. Op. 50, 327 P.3d 511 (2014).[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

---

[1]We have considered the parties' remaining arguments and conclude that they are without merit.

cc:    Hon. Sandra L. Pomrenze, District Judge, Family Court Division
Ryan J. MacDonald
McFarling Law Group
Legal Aid Center of Southern Nevada, Inc.
Anne R. Traum
Snell & Wilmer, LLP
Eighth District Court Clerk