134 Nev., Advance Opinion 44

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RENELYN BAUTISTA,
Appellant,
vs.
JAMES PICONE,
Respondent.

No. 72713

FILED

MAY 31 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from district court orders denying appellant's motion to modify custody and appointing a special master/parenting coordinator. Eighth Judicial District Court, Clark County; Mathew Harter, Judge.

*Reversed and remanded.*

Black & LoBello and John D. Jones, Las Vegas,
for Appellant.

Benjamin B. Childs, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.[1]

---

[1]The Honorable Lidia S. Stiglich, Justice, voluntarily recused herself from participation in the decision of this matter.

## OPINION

By the Court, DOUGLAS, C.J.:

Appellant Renelyn Bautista and respondent James Picone agreed to share joint physical custody of their minor child. In the months following the parents' agreement, Bautista filed three motions with the district court to modify the parents' custody arrangement, which were denied. The district court appointed a parenting coordinator to help mediate and resolve any disputes concerning the minor child and permitted the parenting coordinator to make substantive changes to the parents' custody arrangement. Bautista then filed another motion with the district court seeking to modify custody based on allegations that Picone was dating a minor. Without conducting an evidentiary hearing, the district court denied Bautista's request. In this opinion, we conclude that granting the parenting coordinator authority to make substantive changes to the parents' custody arrangement is an improper delegation of the district court's judicial authority. We further hold that the district court abused its discretion by denying Bautista's latest motion to change physical custody without conducting an evidentiary hearing after she established adequate cause.

## FACTS AND PROCEDURAL HISTORY

Bautista and Picone share joint physical custody of their minor child pursuant to a stipulated order. Three months after the district court entered the stipulated order, Bautista filed a motion to modify physical custody. The court denied Bautista's motion and stated that given the history of the case, if Bautista filed a similar motion within the next six months, the court would appoint a parenting coordinator.

SUPREME COURT
OF
NEVADA

(O) 1947A

Subsequently, Bautista reported to the Special Victims Unit at the Henderson Police Department that Picone sexually abused their minor child. As a result, the parties filed competing motions regarding child custody. The district court conducted a hearing regarding the sexual abuse allegation and interviewed the investigating officer. At the conclusion of the hearing, the district court stated that based on the preponderance of the evidence and the history of the case, the parties' custody schedule would continue.

Two months after the hearing, Bautista filed another motion to modify child custody by one hour so that the minor child could attend Sunday school. The district court denied Bautista's request and appointed a parenting coordinator. Bautista filed a motion requesting a different and specific parenting coordinator, which the district court granted.

Bautista then filed a motion seeking to change custody based on allegations that Picone was dating a 15-year-old girl. The district court denied Bautista's request without conducting an evidentiary hearing. The district court also entered an order appointing a different parenting coordinator because the previous coordinator withdrew from the case. The district court granted the parenting coordinator the authority to make temporary decisions resolving minor disputes between the parents, including substantive and nonsubstantive changes to the parents' custody plan, until the court entered an order modifying the coordinator's decision. Bautista now appeals the latest order denying custody modification and the latest order appointing a parenting coordinator.

 

*Standard of review*

Decisions regarding child custody rest in the district court's sound discretion, and this court will not disturb the decision absent a clear abuse of that discretion. *Sims v. Sims*, 109 Nev. 1146, 1148, 865 P.2d 328, 330 (1993). An abuse of discretion occurs when a district court's decision is not supported by substantial evidence or is clearly erroneous. *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (providing that a district court's factual findings regarding child custody are reviewed for an abuse of discretion).

*The district court abused its discretion by delegating its judicial authority to the parenting coordinator*

Bautista argues that the district court improperly delegated its decision-making authority by allowing the parenting coordinator to make substantive changes to the parents' custody plan.[2] We agree.

---

[2]At the outset, Bautista asserts that her due process rights were violated because she never agreed to the appointment of a parenting coordinator. However, this is Bautista's first objection to the appointment of a parenting coordinator even though the district court appointed two in the past, including one that Bautista requested. *See Harrison v. Harrison*, 132 Nev., Adv. Op. 56, 376 P.3d 173, 179 (2016) (providing "due process is not offended by requiring a person with actual, timely knowledge of an event that may affect a right to exercise due diligence and take necessary steps to preserve that right" (internal quotation marks omitted)). The specific order appointing a parenting coordinator that Bautista challenges was entered after the previous parenting coordinator withdrew from the case. Accordingly, Bautista's assertion is unsubstantiated.

 

Parenting coordinators are a relatively novel concept in Nevada. This court addressed the appointment of a parenting coordinator in *Harrison v. Harrison*, 132 Nev., Adv. Op. 56, 376 P.3d 173 (2016). In *Harrison*, we approved of the appointment of a parenting coordinator, listing several factors: (1) the parents' custody dispute was highly contentious and multiple custody pleadings were filed in district court, (2) the parents consented to the appointment of a coordinator, (3) "the parenting coordinator's authority was limited to resolving nonsubstantive issues" between the parents, and (4) the district court maintained the final decision-making authority. *Id.* at 178-79. Parenting coordinators act as "neutral third-party intermediaries who facilitate resolution of conflicts related to custody and visitation between divorced or separated parents." *Id.* at 177. Parenting coordinators are beneficial in contentious cases, as "access to a parenting coordinator offers dispute resolution sooner than [parents] would be able to appear before a judge." *Id.* at 178. "Thus, parenting coordinators can be described as providing a hybrid of mediation and arbitration services." *Id.* at 177.

The district court does not improperly delegate its decision-making authority by simply appointing a parenting coordinator. *Id.* at 178. However, the district court has the ultimate decision-making power regarding custody determinations, and that power cannot be delegated to a parenting coordinator under any circumstance. *See Cosner v. Cosner*, 78 Nev. 242, 245, 371 P.2d 278, 279 (1962) (providing that "[t]he constitutional power of decision vested in a trial court in child custody cases can be exercised only by the duly constituted judge, and that power may not be delegated to a master or other subordinate official of the court"). Thus, a parenting coordinator's decision-making authority must be limited to

nonsubstantive issues, such as scheduling and travel issues, and it cannot extend to modifying the underlying custody arrangement. *See Harrison*, 132 Nev., Adv. Op. 56, 376 P.3d at 179.

Here, the district court granted the parenting coordinator temporary decision-making authority to resolve minor disputes between Bautista and Picone, which included both substantive and nonsubstantive changes to their parenting plan. The district court's order defined a substantive change "as a modification to the parenting plan that (a) significantly changes the timeshare of the child with either parent; or (b) modifies the timeshare such that it amounts to a change in the designation of primary physical custody or a shared physical custodial arrangement." Because the parenting coordinator's authority was not limited in scope to nonsubstantive issues, we conclude that the district court improperly delegated its decision-making authority.

*The district court erred by failing to conduct an evidentiary hearing*

Bautista argues that the district court abused its discretion in denying her motion to change physical custody without conducting an evidentiary hearing because she established adequate cause.[3] Picone argues that Bautista failed to establish adequate cause to warrant an evidentiary hearing. We agree with Bautista.

---

[3]Bautista also seeks to disqualify the district court judge for bias, stating that the judge's bias is evidenced by his denial of Bautista's motions to modify custody. NRS 1.235(1) provides that a party seeking to disqualify a judge for bias "must file an affidavit specifying the facts upon which the disqualification is sought." Bautista acknowledges that she failed to perfect her request to disqualify the judge and, as a result, we conclude that disqualification is unwarranted.

"A district court must hold an evidentiary hearing on a request to modify custodial orders if the moving party demonstrates adequate cause." *Arcella v. Arcella*, 133 Nev., Adv. Op. 104, 407 P.3d 341, 345 (2017) (internal quotation marks omitted). "Adequate cause arises where the moving party presents a prima facie case for modification." *Rooney v. Rooney*, 109 Nev. 540, 543, 853 P.2d 123, 125 (1993) (internal quotation marks omitted). To establish a prima facie case, the movant must show that "(1) the facts alleged in the affidavits are relevant to the grounds for modification; and (2) the evidence is not merely cumulative or impeaching." *Id.*

Here, we conclude that Bautista met her burden to show adequate cause. Bautista presented exhibits of Facebook messages and emails between Picone and a 15-year-old girl. In those messages, Picone acknowledged the girl's age and he discussed having a sexual relationship with her. Bautista also presented a third-party affidavit stating that Picone intentionally ran his car into another car that the minor child was riding in. Based on the foregoing, we conclude that the district court abused its discretion by denying Bautista's motion to change physical custody without conducting an evidentiary hearing.

## CONCLUSION

Accordingly, because the district court abused its discretion by granting the parenting coordinator authority to make substantive changes to the parenting plan and denying Bautista's motion to change physical custody without conducting an evidentiary hearing after adequate cause was established, we reverse the district court's orders and remand for proceedings consistent with this opinion.

_____, C.J.
Douglas

We concur:

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre