IN THE SUPREME COURT OF THE STATE OF NEVADA

AMANDA REED,
Appellant,
vs.
DEVIN REED,
Respondent.

No. 83354

FILED

MAY 12 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to modify child custody. Eighth Judicial District Court, Family Court Division, Clark County; Michele Mercer, Judge.

Appellant Amanda Reed and respondent Devin Reed are the parents of two minor children. In 2018, before their divorce, they entered a judicially approved agreement to share joint legal and physical custody of the children. Amanda later filed a motion to modify custody. In 2019, the parties stipulated to participate in a settlement conference "to negotiate the remaining financial issues" and prepare a divorce decree. The parties also stipulated that they would adhere to the 2018 custodial arrangement but potentially revisit the issue based on the results of a pending custody evaluation. At the settlement conference, the parties resolved all the issues in the divorce proceedings with the caveat that Amanda had a pending motion to modify child custody and those proceedings would continue, unaffected by the settlement agreement. Despite this stipulation, the divorce decree approved by the district court expressly awarded the parties

Supreme Court
OF
Nevada

(O) 1947A

22-15100

joint legal and physical custody of the children. But the decree also stated that "[t]he parties acknowledge that there is currently a request[ ] pending by [Amanda] to modify custody. Nothing in this Decree shall act as a waiver of [Amanda's] right to pursue said request."

Two days after entry of the divorce decree Amanda filed a motion to adopt the recommendations of the completed custody evaluation and to modify custody. Amanda supported her motion with allegations that predated the divorce decree, including claims that Devin engaged in acts of domestic violence. Devin opposed the motion and filed a supplement requesting that he be awarded primary custody of the children, making allegations related to Amanda's use of prescription drugs that predated the divorce decree. The district court set the matter for an evidentiary hearing before the case was transferred to another family court department. At the hearing, the newly assigned judge did not receive any evidence after finding that the decree was a final order and res judicata precluded the presentation of evidence that predated the decree. The district court denied the requests to modify the parties' joint custody arrangement but adjusted the custodial schedule.

On appeal, Amanda asserts that the decree was not a final order as to child custody because the clause discussing her pending motion to modify custody acts as a "savings" provision that reserved the issue for further litigation. *See Rennels v. Rennels*, 127 Nev. 564, 569, 257 P.3d 396, 399 (2011) (explaining that a final order "leaves nothing for the future consideration of the court"). Conversely, Devin contends that the clause only acknowledges that the divorce decree did not prohibit Amanda from pursuing a custody modification in the future as child custody may be

modified at any time. *See* NRS 125C.0045(1). Because both interpretations are reasonable, the district court properly found the language ambiguous. *See Shelton v. Shelton*, 119 Nev. 492, 497, 78 P.3d 507, 510 (2003) (recognizing that a contract susceptible to more than one reasonable interpretation is ambiguous).

While contract interpretation, including interpreting a stipulated divorce decree, generally presents a question of law reviewed de novo when facts are not in dispute, *Henson v. Henson*, 130 Nev. 814, 818, 334 P.3d 933, 936 (2014), the contract here is ambiguous. "The best approach for interpreting an ambiguous contract is to delve beyond its express terms and examine the circumstances surrounding the parties' agreement in order to determine the true mutual intentions of the parties." *Id.* (internal quotation marks omitted). Such an "examination includes not only the circumstances surrounding the contract's execution, but also subsequent acts and declarations of the parties." *Id.*

Despite the award of joint custody in the divorce decree, the ambiguity calls into question whether the parties intended the decree to be the final custody agreement and the district court's conclusion that the decree had preclusive effect. *See Rennels*, 127 Nev. at 569, 257 P.3d at 399 (explaining that this court will give preclusive effect to custody "agreements if they are deemed final"). The record provides some support for Amanda's position, including the stipulation that the settlement proceedings would not affect the custody issue until the district court addressed it; Devin's own post-decree request to modify custody based, in part, on pre-decree allegations; and the district court's finding (before the case was transferred to another department) that both the parties raised allegations sufficient to

warrant an evidentiary hearing on the issue. *See Rooney v. Rooney*, 109 Nev. 540, 542, 853 P.2d 123, 124 (1993) (concluding that district courts have discretion to deny a motion for custody modification without a hearing "unless the moving party demonstrates 'adequate cause' for holding a hearing"). The district court therefore should have taken evidence as to the parties' intent at the time they agreed to the stipulated settlement before deciding the child custody issue.[1] *See Mizrachi v. Mizrachi*, 132 Nev. 666, 678, 385 P.3d 982, 990 (Ct. App. 2016) (concluding that the district court should have held an evidentiary hearing to determine the parties' intent rather than deciding the issue "based upon contradictory sworn pleadings [and] arguments of counsel"); *see also Galardi v. Naples Polaris, LLC*, 129 Nev. 306, 310, 301 P.3d 364, 367 (2013) ("Contract interpretation strives to discern and give effect to the parties' intended meaning."). Given the foregoing, we conclude that the district court erred in not holding an evidentiary hearing to resolve the settlement's ambiguity.[2] *See Nev. Power*

---

[1]The district court found that Amanda's filing of her motion two days after entry of the divorce decree demonstrated that she did not negotiate the terms of the divorce in good faith. And the district court found that the clause acknowledging Amanda's pending custody motion did not represent Devin's consent to further litigate the child custody issue. Because the district court did not conduct an evidentiary hearing, these findings are not supported by substantial evidence. *Cf. Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007) (providing that this court "will not set aside the district court's factual findings if they are supported by substantial evidence"); *see also Jain v. McFarland*, 109 Nev. 465, 475-76, 851 P.2d 450, 457 (1993) ("Arguments of counsel are not evidence and do not establish the facts of the case.").

[2]Given our disposition, we need not address Amanda's other arguments raised on appeal.

*Co. v. Fluor Ill.*, 108 Nev. 638, 646, 837 P.2d 1354, 1360 (1992) (concluding that an evidentiary hearing may be necessary to determine disputed questions of fact); *see also Shelton*, 119 Nev. at 497, 78 P.3d at 510. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc:  Hon. Michele Mercer, District Judge, Family Court Division
Israel Kunin, Settlement Judge
Kainen Law Group
Alex B. Ghibaudo, PC
Eighth District Court Clerk

_____

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.